# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Lisa Truong,

        Plaintiff,

v.

UTC Aerospace Systems,

        Defendant.

Civ. No. 18-941 (PJS/BRT)

**ORDER**

---

On June 3, 2019, *pro se* Plaintiff Lisa Truong filed a letter that appears to seek a court order compelling Defendant to respond to Plaintiff's discovery requests, and additional time to complete discovery. (Doc. No. 22.) Defendant opposes Plaintiff's request. (Doc. No. 25.)

Plaintiff's request fails to comply with the Local Rules. Plaintiff did not meet and confer with Defendant prior to bringing her request as is required by Local Rules 7.1 and 37.1. *See* D. Minn. LR 7.1(a) ("Before filing a motion other than a motion for a temporary restraining order or a motion under Fed. R. Civ. P. 56, the moving party must, if possible, meet and confer with the opposing party in a good-faith effort to resolve the issues raised by the motion."); D. Minn. LR 37.1(a) (stating that the motion or accompanying memorandum must contain "any certification required by a federal or local rule that the movant has in good faith conferred or attempted to confer with the party failing to act"). Plaintiff's "motion" also does not identify which discovery requests are deficient, or why those requests are deficient. *See* D. Minn. LR 37.1 (stating what a

discovery motion must contain). Therefore, the Court is unclear as to what Plaintiff is objecting to regarding Defendant's responses to her discovery requests. Further, to the extent Plaintiff is requesting additional time, she has not followed the requirements set forth in Local Rule 16.3 for Modification of a Scheduling Order demonstrating that there is good cause for an extension, nor has she described what discovery she claims remains to be completed.[1]

---

[1]     Local Rule 16.3 states as follows:

(a) A motion under Fed. R. Civ. P. 16(b)(4) to modify a scheduling order—even stipulated or uncontested motion—must be made in accordance with LR 7.1(b).

(b) A party that moves to modify a scheduling order must:

(1) establish good cause for the proposed modification; and

(2) explain the proposed modification's effect on any deadlines.

(c) If a party moves to modify a scheduling order's discovery deadlines, the party must also:

(1) describe what discovery remains to be completed;

(2) describe the discovery that has been completed;

(3) explain why not all discovery has been completed; and

(4) state how long it will take to complete discovery.

(d) Except in extraordinary circumstances, before the passing of a deadline that a party moves to modify, the party must obtain a hearing date on the party's motion to modify the scheduling order. The hearing itself may take place after the deadline.

D. Minn. LR 16.3.

For all of the foregoing reasons, Plaintiff's request (Doc. No. 22) is **DENIED without prejudice**. The December 17, 2018 Pretrial Scheduling Order (Doc. No. 19) remains in full force and effect.


Dated: June 6, 2019                           *s/ Becky R. Thorson*
                                              Becky R. Thorson
                                              United States Magistrate Judge