UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LISA TRUONG, | Case No. 18-CV-0941 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| UTC AEROSPACE SYSTEMS, | |
| Defendant. | |

Lisa Truong, pro se.

Julia H. Pozo, Allyson L. Johnson, and Kyle A. Petersen, SEYFARTH SHAW LLP, for defendant.

On February 11, 2020, plaintiff Lisa Truong filed an objection to the Report and Recommendation ("R&R") of Magistrate Judge Becky R. Thorson. In her objection, Truong described a settlement offer that she had received from defendant Rosemount Aerospace, Inc. d/b/a Collins Aerospace ("Collins"),[1] and Truong attached an email that she received from Collins setting forth the terms of its offer. Collins now moves to redact or restrict access to those parts of Truong's filings that describe the settlement offer.

---

[1]Rosemount Aerospace, Inc. previously operated under the brand name "UTC Aerospace Systems," but has since changed its brand name to "Collins Aerospace." ECF No. 55 at 2.

Both the Supreme Court and the Eighth Circuit have recognized "a common-law right of access to judicial records"—a right that "bolsters public confidence in the judicial system by allowing citizens to evaluate the reasonableness and fairness of judicial proceedings." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Unless there is a compelling reason to keep information secret, the public has a right to know what arguments and evidence have been presented to a court, so that the public can fully assess the court's exercise of its authority. Transparency is crucial to maintaining public trust in the judiciary.

Here, Collins has not identified a compelling reason for why the public should not have access to all of the arguments and evidence submitted by Truong, including the amount that she was offered to settle this case. In support of its motion, Collins relies on Federal Rule of Evidence 408. But Rule 408 has nothing to do with public access to court files. Instead, Rule 408 restricts what a judge (or jury) can do with evidence regarding compromise offers and compromise negotiations. The question of what this Court can do with evidence of Collins's settlement offer is entirely distinct from the question of whether the public has the right of access to a filing that mentions that settlement offer.

Collins has not argued that Truong was contractually bound to keep secret its offer, nor has Collins cited any other legal basis for its motion. Moreover, Collins has

not identified a substantial harm that it will suffer if the public knows the terms of the offer that it made to Truong.  Under the circumstances, the Court finds that Collins has not overcome the presumption that judicial records are open to the public.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Collins's motions to redact or restrict access to confidential settlement communications [ECF Nos. 57, 58] are DENIED.

Dated: February 20, 2020                 s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge