UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LISA TRUONG, | Case No. 18-CV-0941 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| UTC AEROSPACE SYSTEMS, | |
| Defendant. | |

Lisa Truong, pro se.

Julia H. Pozo, Allyson L. Johnson, and Kyle A. Petersen, SEYFARTH SHAW LLP, for defendant.

Plaintiff Lisa Truong brings this action against her current employer, Collins Aerospace ("Collins"),[1] alleging discrimination and harassment on the basis of her race and national origin.[2] This matter is before the Court on Truong's objection to the January 27, 2020 Report and Recommendation ("R&R") of Magistrate Judge Becky R. Thorson. ECF No. 55. Judge Thorson recommends granting Collins's motion for summary judgment and denying Truong's cross-motion for summary judgment. The

---

[1]When Truong joined the company in September 2014, defendant Rosemount Aerospace, Inc. was operating under the brand name "UTC Aerospace Systems." Defendant is now operating under the brand name "Collins Aerospace." *See* ECF No. 39-1 at 2.

[2]Although not pleaded in her complaint, Truong's subsequent filings suggest that she also means to assert a retaliation claim and a claim under Minnesota's Whistleblower Act, Minn. Stat. § 181.932. *See* ECF No. 8 at 1; ECF No. 43 at 2.

Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules Truong's objection and adopts Judge Thorson's careful and thorough R&R.

Truong does not specifically object to any of Judge Thorson's factual findings or legal conclusions. Instead, Truong recites a litany of grievances against her employer—grievances that, as Judge Thorson explains, do not rise to the level of actionable claims under Title VII. Among other things, Truong's objection reiterates that: (1) she was placed on a performance improvement plan in 2016 and some of the feedback that she received in connection with the plan was embarrassing and upsetting;[3] (2) she has had numerous meetings with Collins's human resources ("HR") department; (3) she received a written warning in 2018 related to her alleged misuse of sick time; and (4) she was suspended with pay for more than a month. ECF No. 56 at 1-3. Judge Thorson carefully analyzed each of these grievances (and many others) in recommending dismissal of Truong's discrimination and harassment claims, and the Court adopts Judge Thorson's analysis in its entirety.

As Judge Thorson explains, Truong's discrimination claim fails for several reasons, including the fact that she has not suffered an adverse employment action. *See Grant v. City of Blytheville*, 841 F.3d 767, 773 (8th Cir. 2016) (to establish prima facie case

---

[3]Collins discontinued the plan on March 13, 2017, based on Truong's improved performance. ECF No. 39-3 at 3; ECF No. 39-1 at 60.

of discrimination plaintiff must show, *inter alia*, that he suffered an adverse employment action). Truong has been employed as a product inspector at Collins since 2014, and remains so employed today. *See* ECF No. 39-1 at 25-26, 74. Throughout her tenure with the company, Truong's job title has not changed, her work schedule has not fluctuated, and her pay has increased every year. ECF No. 39-1 at 27, 29; ECF No. 44-6 at 46-64. *See Jones v. City of St. Louis*, 825 F.3d 476, 480 (8th Cir. 2016) ("'An adverse employment action is defined as a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge.'" (quoting *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804-05 (8th Cir. 2013)); *see also Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("We have held that formal criticisms or reprimands that do not lead to a change in compensation, responsibilities, or other benefits do not constitute an adverse employment action under Title VII." (citing *Spears v. Mo. Dep't of Corr. & Human Res.*, 210 F.3d 850, 854 (8th Cir. 2000) (en banc))); *Givens v. Cingular Wireless*, 396 F.3d 998, 998 (8th Cir. 2005) ("[P]lacing Givens on a 'performance improvement plan,' without more, did not constitute an adverse employment action." (citation omitted)); *Singletary v. Mo. Dep't of Corr.*, 423 F.3d 886, 891-92 (8th Cir. 2005) (plaintiff did not suffer an adverse employment action by being placed on paid

administrative leave). On the record before it, the Court cannot find that Truong has suffered an adverse employment action, and as a result, her discrimination claim necessarily fails. (The Court also agrees with Judge Thorson that Truong has failed to establish that any of the actions about which Truong complains were motivated by animosity to her race or nationality.)

Judge Thorson recommends dismissing Truong's harassment claim for failure to exhaust her administrative remedies, and Truong has not objected to this recommendation. *See* ECF No. 55 at 13. Even if Truong's harassment claim had been exhausted, the Court would dismiss it on the merits. Harassment is not actionable under Title VII unless the harassment is "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Paskert v. Kemna-ASA Auto Plaza, Inc.*, ___ F.3d ___, No. 18-3623, 2020 WL 727740, at *2 (8th Cir. Feb. 13, 2020) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Even if Truong had established that any of the alleged harassment of which she complains was motivated by Truong's race or national origin—and she has not—none of that alleged harassment comes close to clearing the "high bar" of severity necessary to establish a Title VII violation. *See id.* ("[O]ur Eighth Circuit precedent sets a high bar for conduct to be sufficiently severe or pervasive in order to trigger a Title VII violation. . . . [S]ome conduct well beyond the bounds of respectful and appropriate behavior is

nonetheless insufficient to violate Title VII." (citing *McMiller v. Metro*, 738 F.3d 185, 188 (8th Cir. 2013)).

Finally, in her objection to the R&R, Truong asserts that between 2016 and 2018, her manager repeatedly brought her to the HR department after she refused to certify that certain products that she had inspected met customer specifications. ECF No. 56 at 3. Conscious of its duty to liberally construe pro se filings, the Court interprets Truong's assertions as an attempt to revive her whistleblower claim under Minn. Stat. § 181.932. As Judge Thorson explains, however, Truong's whistleblower claim is not properly before the Court because it was not included in Truong's initial complaint, and because Truong never formally amended her complaint to add the claim.[4] ECF No. 55 at 15-16. Even if it had been included in her complaint, Truong's whistleblower claim would fail on the merits. To establish a violation of Minn. Stat. § 181.932, Truong must show, among other things, "that [she] engaged in statutorily protected conduct—in other words, that [she] reported a violation (or suspected violation) of the law." *Colenburg v. STARCON Int'l, Inc.*, 656 F. Supp. 2d 947, 956 (D. Minn. 2009), *aff'd* 619 F.3d 986 (8th Cir. 2010). Truong has not alleged that she reported any actual or suspected violation of federal or state law; instead, she says that Collins "failed

---

[4]Truong did, however, write a letter to the Court attempting to add this claim, as well as a claim for retaliation. *See* ECF No. 8.

ethically." ECF No. 56 at 3. Truong has therefore not raised a viable whistleblower claim.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Truong's objection [ECF No. 56] and ADOPTS the January 27, 2020 R&R [ECF No. 55]. IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 36] is GRANTED.

    a. Plaintiff's claims under the Minnesota Human Rights Act are DISMISSED WITH PREJUDICE AND ON THE MERITS.

    b. Plaintiff's Title VII discrimination claims—except for claims related to Truong's 2018 suspension and Collins's failure to promote Truong in 2019—are DISMISSED WITH PREJUDICE AND ON THE MERITS.

    c. Plaintiff's remaining claims are DISMISSED WITHOUT PREJUDICE.

2. Plaintiff's cross-motion for summary judgment [ECF No. 42] is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2020          s/Patrick J. Schiltz
                               Patrick J. Schiltz
                               United States District Judge