UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LISA TRUONG, | Case No. 18-CV-0941 (PJS/BRT) |
| Plaintiff, | |
| v. | ORDER |
| UTC AEROSPACE SYSTEMS, | |
| Defendant. | |

Lisa Truong, pro se.

Julia H. Pozo, Allyson L. Johnson, and Kyle A. Petersen, SEYFARTH SHAW LLP, for defendant.

On March 11, 2020, this Court adopted the Report and Recommendation of Magistrate Judge Becky R. Thorson granting summary judgment in favor of defendant Collins Aerospace[1] ("Collins") and dismissing all of plaintiff Lisa Truong's claims. ECF No. 65. Judgment was entered the next day. ECF No. 66. Collins filed a bill of costs pursuant to Fed. R. Civ. P. 54(d)(1) seeking to recover the costs that it incurred in obtaining the original and one copy of the transcript of Truong's deposition. ECF No. 67. Truong did not file an objection. On May 5, 2020, the Clerk of Court entered a cost judgment against Truong in the amount of $3,326.64. ECF No. 74. This matter is

---

[1] When Truong joined the company in September 2014, defendant Rosemount Aerospace, Inc. was operating under the brand name "UTC Aerospace Systems." Defendant is now operating under the brand name "Collins Aerospace." See ECF No. 39-1 at 2.

now before the Court on Truong's motion for review of the taxation of costs.  ECF No. 75.

Rule 54(d)(1) provides in relevant part that "costs—other than attorney's fees—should be allowed to the prevailing party."  Taxable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).  Rule 54(d) establishes a presumption that a prevailing party is entitled to recover costs.  *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 381–82 (2013).  To overcome this presumption, Truong must show that the cost judgment is "inequitable under the circumstances."  *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002).  Truong has failed to carry that burden, and therefore the cost judgment is affirmed.

To the extent that Truong argues that the amount awarded to Collins is unreasonable because it is more than Truong paid for a copy of her deposition, the Court declines to grant relief on this basis.  Collins paid for both the original and one copy of the deposition transcript; Truong apparently paid for only a copy.  The bill of costs Collins submitted was supported by an invoice documenting the amount that Collins paid, and no modification of the cost judgment is warranted.  ECF No. 68-1; *see Concord Boat Corp.*, 309 F.3d at 498 ("When an expense is taxable as a cost . . . there is

a strong presumption that a prevailing party shall recover it 'in full measure.'" (citations omitted)).

To the extent that Truong seeks reimbursement from Collins pursuant to Rule 54(d)(1) for the costs that *she* incurred in obtaining a copy of her deposition, her request is denied for several reasons, most obviously because she was not the prevailing party.[2] Truong does not raise any other argument in support of her motion to review the taxation of costs.

The Court recognizes that Truong is an individual plaintiff proceeding pro se in this matter, while Collins is a large corporation that is represented by a team of lawyers. But courts in this District have routinely held that to avoid paying costs under Rule 54(d)(1), a "'nonprevailing party must be facing dire financial circumstances.'" *Smith v. Bradley Pizza, Inc.*, No. 17-CV-2032 (ECT/KMM), 2019 WL 6650475, at *1 (D. Minn. Dec. 6, 2019) (quoting *Kaplan v. Mayo Clinic*, No. 07-CV-3630 (JRT/JJK), 2011 WL 3837095, at *2 (D. Minn. Aug. 29, 2011)); *Svendsen v. G4S Secure Sols. (USA) Inc.*, No. 16-CV-0583 (PJS/HB), 2019 WL 277605, at *2 (D. Minn. Jan. 22, 2019). Truong has not asserted that she will face "dire financial circumstances" if she is required to pay the cost judgment, much less submitted evidence in support of such an assertion. The

---

[2]Truong also failed to file a bill of costs within 30 days after judgment was entered, as required by LR 54.3(c)(1)(A).

Court therefore declines to exercise its discretion to amend the cost judgment based on Truong's ability to pay.

Finally, to the extent that Truong's motion seeks a stay of the taxation of costs until the Eighth Circuit has decided Truong's appeal, her motion is denied.  *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (affirming costs awarded during pending appeal and noting that no authority prohibits such an award); *Kushner v. Buchta*, No. 16-CV-2646 (SRN/SER), 2019 WL 1417434, at *4 (D. Minn. Mar. 29, 2019) (finding that "judicial economy is best served by taxing costs" immediately rather than staying the cost judgment pending appeal where the movant failed to demonstrate a strong showing of success on appeal, or that he would suffer an irreparable injury absent a stay).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT plaintiff's motion for review of the taxation of costs [ECF No. 75] is DENIED.

Dated:  May 26, 2020    s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge